USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                             :
:
:
:
   -v-                                                :    19-cr-00213 (LJL)
:
CUONG BANG,                                           :    MEMORANDUM AND
:    ORDER
                Defendant.                            :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Defendant Cuong Bang moves the Court for early termination of his supervised release. Dkt. No. 147. Mr. Bang was convicted on charges of conspiracy to distribute and to possess with intent to distribute methamphetamine. He was sentenced on April 27, 2022, to a term of imprisonment of eighty months. Dkt. No. 126. On February 6, 2024, the Court granted Mr. Bang's unopposed motion for compassionate release and resentenced him to time served followed by eighty-one months of supervised release, the first twenty-one months of which were to be served on home confinement with specified exceptions. Dkt. Nos. 141–42.

    Subsection 3583(e)(2) of Title 18 of the United States Code empowers the Court, after considering many of the factors relevant to the original imposition of sentence, to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. 3582(e)2). "Subsection 3583(e)(2), in sum, requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to

'modify, reduce, or enlarge' the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997); *see also United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

Modification of supervised release to eliminate the remaining term of home confinement is not appropriate on this record. Mr. Bang has continued his diligent efforts to become a productive member of society. He is working two jobs, employment that keeps him occupied from 6:00 a.m. to 10:30 p.m. on at least four days a week, and over six hours a day for the remaining two days. Dkt. No. 147 at 1. He is enrolled in continuing education to train as a journeyman in the sheet metal industry. *Id.* at 2. He is living with his parents and has been compliant with the conditions of his supervised release. The letters in his support are impressive. For example, his instructor writes:

> Mr. Jay Bang[1] graduated from my class recently with perfect attendance, an "A+" grade and at the top of his class in all areas. . . . <u>Mr. Jay Bang demonstrated high motivation to succeed, a willingness to take on challenges and a genuine interest in the Sheet Metal Trade. He has proven to be reliable and consistent throughout the 11 week program. Additionally, Mr. Jay Bang was selected by peers when surveyed who they would most want to work with, and scored 98% on our 5 hour final exam consisting of Math, Mechanical Aptitude, and Retention of Communication.</u>

Dkt. No. 147-1 at 5 (emphasis in original). Mr. Bang's work is commendable. It will serve him well in the future.

However, compliance with the terms of supervised release is what is expected. "A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Flores*, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010); *see United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015). The Court's supervised release sentence was not intended to serve the

---

[1] Cuong Bang is known as Jay Bang.

purposes of incapacitation alone but also those of deterrence, rehabilitation, proportionality and consistency. Mr. Bang engaged in a very serious offense. The short remaining term of home confinement remains necessary to serve the relevant Section 3553(a) purposes of sentencing.

Mr. Bang argues that the location monitoring device that Probation uses to monitor his home confinement creates potential safety issues. Dkt. No. 147 at 2. Mr. Bang is not the only person on home confinement who is employed in construction and is required to wear an ankle bracelet. The Court is confident that he can work with Probation to ensure that the bracelet does not create a risk to his safety and that if the bracelet alone creates an unacceptable risk, counsel will bring that issue to the Court's attention. Counsel admits that such concern alone is not sufficient reason to modify the conditions of his release. *Id.*

The motion for modification of supervised release is denied without prejudice.

SO ORDERED.

Dated: July 22, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3